**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**WILLIE JAMES MARTIN,**               **CASE NO. 2:07-cv-502**
                                       **CRIM. NO. 2:98-cr-48(1)**
     **Petitioner,**                   **JUDGE GRAHAM**
                                       **MAGISTRATE JUDGE KEMP**
**v.**

**UNITED STATES OF AMERICA,**

     **Respondent.**

<u>**REPORT AND RECOMMENDATION**</u>

Petitioner, a federal prisoner, brings the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. This matter is before the Court pursuant to its own motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations.

**I. PROCEDURAL HISTORY**

The United States Court of Appeals for the Sixth Circuit summarized the facts and procedural history of petitioner's underlying criminal conviction in this case as follows:

> In September 1996, DEA agents received information that Martin was a large-scale cocaine trafficker in the Central Ohio area. Based on this information, a DEA case agent set up a controlled buy from Martin through a confidential informant. On September 18, 1996, a DEA agent supervised the buy. At Martin's direction, the informant met Martin at 1479 Duxberry Avenue in Columbus to purchase 1/8 kilogram of cocaine. To execute the sale, Martin led the informant (who was accompanied by the DEA agent) to 1784 Morse Road, instructing the informant to wait at this address. Martin then proceeded to another address (1864 Governors Court), shortly thereafter returned to Morse Road, and sold the informant 127.6 grams of cocaine powder for $3,690. On September 24, the informant

once again called Martin for another "buy," and Martin sold him 123.8 grams of cocaine for $3,900. On October 30, the informant paged and then met with Martin and his girlfriend JoAnn McGraw at a Columbus restaurant. The three agreed to meet at 1506 Kingry Avenue. There, Martin sold the informant 54.2 grams of cocaine for $2,000.

On October 31, 1996, DEA agents executed a search warrant at 1479 Duxberry Avenue, Martin's residence. As they approached the premises, the agents observed Martin's brother (Fred Martin) leaving the premises with a small bag. They subsequently arrested Fred Martin in his car, and on searching the bag, found it to contain $44,680-including $1,400 of government funds from the previous day's controlled buy.

On February 26, 1998, a federal grand jury charged Martin and other defendants in a multiple count indictment. Martin was named in count one of the indictment, which alleged a conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Martin was also named in counts 2, 3 and 4 for distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). On August 11, 1998, Martin entered pleas of guilty to Counts 2, 3 and 4 of the indictment. Accepting the guilty plea, the district court ordered a pre-sentence investigation by the probation department. The pre-sentence report established a total offense level of 29 and a criminal history category IV, resulting in a guideline imprisonment range of 151 to 188 months. As part of this calculation, the probation officer deemed Martin a career offender because of prior convictions for involuntary manslaughter (in 1982) [FN1] and for possession with intent to distribute cocaine and cocaine base (in 1988). On October 6, 1998, Martin filed an objection to the pre-sentence report, claiming that the involuntary manslaughter conviction was improperly used to classify him as a career offender under U.S.S.G. § 4B1.1.

FN1. According to the presentence report, in 1982, Martin and a man named Willie Blevins had an altercation outside of Blevins's Columbus game room, while Martin was seated in his automobile. Martin emerged from his car with gun in hand, and shot at Blevins as he tried to back up. Blevins was hit by three .38 caliber bullets, and was declared dead on arrival at the hospital. A gun was also found on Blevins where he fell, although he had not fired it. Martin left the scene, and ultimately fled to Atlanta and Montgomery, Alabama. In December 1984, the FBI arrested Martin in Dayton, Ohio on a fugitive warrant. J.A. at 90. In 1985, Martin pleaded guilty to the

> stipulated lesser offense of involuntary manslaughter.
> On November 20, 1998, the district court conducted a sentencing
> hearing. After hearing arguments from both sides, the court denied
> Martin's objection to the career offender classification as well as a
> motion for downward departure, concluding that his criminal history
> category did not overrepresent the seriousness of his criminal history.
> The court also granted the government's motion for downward
> departure for substantial assistance, departing to a level of 28 and a
> sentencing range of 140 to 175 months. The court then sentenced
> Martin to 140 months' imprisonment to be followed by three years of
> supervised release.
>
> On November 23, 1998, Martin timely filed a notice of appeal.
> Martin challenges two aspects of the sentencing order. First, he
> argues that the court incorrectly determined that he was a career
> offender. Second, he believes the court did not adequately review the
> circumstances of the 1983 manslaughter conviction before deciding
> that his criminal history was not significantly overrepresented by his
> overall score.

*United States v. Martin*, 208 F.3d 216, unpublished, 2000 WL 245480 (6th Cir. Feb. 23, 2000). On

February 23, 2000, the United States Court of Appeals for the Sixth Circuit affirmed the judgment

of this Court. *Id.*; Doc. No. 79. On March 20, 2000, the mandate issued. Doc. No. 80. Petitioner

never filed a petition for a writ of *certiorari* with the United States Supreme Court.

More than seven years later, on June 1, 2007, petitioner filed the instant motion to vacate, set

aside, or correct his sentence pursuant to 28 U.S.C. §2255. He executed the petition on May 30,

2007. Petitioner asserts as follows:

> 1. Fifth and Sixth Amendment violations: Due process; breach of plea; lack
> of jury finding on criminal history enhancement.
>
> Willie James Martin was sentenced pursuant to the 1997 sentencing table
> found in the 1997 Sentencing Guideline Manual. Martin was indicted for
> alleged criminal conduct that began in September of 1996 and ended in
> November of 1996. Martin entered into a plea agreement and pled guilty to
> counts 2, 3 and 4 of the indictment. Martin agreed that his base offense level

3

would be 22. Based on the plea agreement, Martin expected his sentence to be no more than 57 months. However, based on prior adjudications and a career criminal enhancement, Martin was sentenced to 140 months.

2. Sixth Amendment violation: Ineffective assistance of counsel at plea, sentencing and direct appeal phase of the proceedings.

Defense counsel was ineffective for failing to negotiate a plea agreement that specifically stated whether or not Martin's sentence could be enhanced based on prior criminal conduct and/or a career criminal category. When defense counsel discovered that Martin's sentence would be enhanced pursuant to §4B1.1, he should have moved to withdraw the plea agreement. Defense counsel was also ineffective for failing to raise issue to [sic] the breach of plea at sentencing. Appellate counsel was ineffective for failing to raise the breach of plea issue on direct appeal.

Petitioner's §2255 petition is plainly untimely.

## II. STATUTE OF LIMITATIONS

28 U.S.C. §2255 provides:

A one-year period of limitations shall apply to a motion under this section. The limitations period shall run from the latest of –

(1) the date on which the judgment of the conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. §2255. Here, petitioner's conviction became final on May 23, 2000, when the ninety day time period expired to file a petition for a *writ of certiorari* to the United States Supreme Court.

4

*Humphress v. United States,* 398 F.3d 855, 860 (6ᵗʰ Cir. 2005), citing *Sanchez-Castellano v. United States,* 358 F.3d 424, 426 (6ᵗʰ Cir. 2004). The statute of limitations expired one year later, on May 23, 2001. Petitioner waited until May 30, 2007, however, to execute the instant §2255 petition.

Petitioner nonetheless contends that this action is timely under the AEDPA because he was unable earlier to discover the factual basis for his claim of ineffective assistance of counsel, and acted diligently in discovering his claims. Alternatively, petitioner contends that equitable tolling of the statute of limitations is appropriate. *See Petition.*

Petitioner's arguments are not persuasive. The record fails to reflect that equitable tolling is appropriate. "[P]etitioner bears the... burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir.2002). Equitable tolling should be used sparingly. *Cook v. Stegall*, 295 F.3d 517, 521 (6ᵗʰ Cir. 2002); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir.2000) (citations omitted). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560-61.

> The Supreme Court has explained that "[w]e have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). However, "[w]e have generally been much less forgiving ... where the claimant failed to exercise due diligence in preserving his legal rights." *Id.; cf. Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").

*Jurado v. Burt*, 337 F.3d 638, 642-43 (2003). In order to determine whether to equitably toll the

statute of limitations, the Court must consider the following five factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id.*, at 643, citing *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001); *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988).

Petitioner's convictions became final in May 2000. The one-year statute of limitations on federal habeas corpus petitions imposed under the Antiterrorism and Effective Death Penalty Act has been in effect since April 1996. Nonetheless, petitioner waited until June 2007 to file his §2255 petition. It simply would not have been reasonable for petitioner to remain ignorant of the filing requirement for federal habeas corpus cases for this period of time, and there is no reason to conclude that petitioner did not have constructive knowledge of the one-year filing requirement for habeas corpus petitions. Lack of actual notice, and "ignorance of the law, even for an incarcerated *pro se* petitioner generally does not excuse [late] filing." *Fisher v. Johnson,* 174 F.3d 710, 714-15 (5th Cir.1999); *see also United States v. Baker,* 197 F.3d 211, 218 (6th Cir. 1999); *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Winkfield v. Bagley*, 66 Fed.Appx. 578, unpublished, 2003 WL 21259699 (6th Cir. May 28, 2003).

> Even those not versed in the law recognize the centuries-old maxim that "ignorance of the law is no excuse." This maxim, deeply embedded in our American legal tradition, reflects a presumption that citizens know the requirements of the law. The benefits of such a presumption are manifest. To allow an ignorance of the law excuse would encourage and reward indifference to the law. Further, the difficulty in proving a defendant's subjective knowledge of the law would hamper criminal prosecutions.

*United States v. Baker, supra,* 197 F.3d at 218.  Further, and contrary to petitioner's allegation here, the record fails to reflect that petitioner exercised due diligence in pursuing his claims.  All of the claims raised by petitioner rely on matters that should have been readily apparent at the time of his sentence and guilty plea.  Finally, the respondent will suffer some prejudice, if only in terms of time and expense, should this Court equitably toll the statute of limitations.

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as untimely.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation*

7

*de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


/s/ Terence P. Kemp
United States Magistrate Judge